UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA BRIDGES,

    Plaintiff,

v.                                                                    CASE NO: 8:06-cv-1937-T-23TGW

STANDARD PACIFIC OF TAMPA GP, INC.
d/b/a WESTFIELD HOMES

    Defendants.
_____/

**ORDER**

Christina Bridges ("the plaintiff") sues (Doc. 2) Standard Pacific of Tampa GP, Inc. d/b/a Westfield Homes ("Westfield Homes") for sexual harassment, retaliation, and sex discrimination under the Florida Civil Rights Act, Section 760.01, *et seq.*, Florida Statutes ("FCRA"); sexual harassment, retaliation, and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); retaliation under Florida's Private Whistleblower's Act, Section 448.101, *et seq.*, Florida Statutes ("FPWA"); and disparate pay in violation of the Equal Pay Act, 29 U.S.C. § 206 ("Equal Pay Act"). Asserting the plaintiff's failure to exhaust administrative remedies, Westfield Homes moves to dismiss the complaint (Doc. 8) both for lack of subject matter jurisdiction and for failure to state a claim.[1]

---

[1] Because an administrative exhaustion requirement is a "condition precedent to suit rather than a jurisdictional requirement," Westfield Homes's motion to dismiss the complaint for lack of subject matter jurisdiction is without merit and **DENIED**. See Fouche v. Jekyll Island State park Authority, 713 F.2d 1518, 1524 (11th Cir. 1983).

As a prerequisite to filing both a Title VII and a FCRA action, a plaintiff must exhaust all administrative remedies by filing a timely charge with the appropriate agency. The scope of a plaintiff's judicial complaint under Title VII and the FCRA is limited by the scope of any administrative investigation that may reasonably arise from the plaintiff's initial charge of discrimination. <u>Gregory v. Georgia Dept. Of Human Resources</u>, 355 F.3d 1277, 1279-80 (11th Cir. 2004); <u>Harper v. Blockbuster Entertainment Corp.</u>, 139 F.3d 1385, 1387 (11th Cir. 1998). Providing the administrative agency with the first opportunity to investigate the alleged discriminatory practices, this pre-suit requirement enables the agency to obtain voluntary compliance and promote conciliation efforts. <u>Gregory</u>, 355 F.3d at 1279. However, the Eleventh Circuit has admonished district courts to be "extremely reluctant" to bar a discrimination claim because of "procedural technicalities." <u>Gregory</u>, 355 F.3d at 1279-80.

Before initiating her lawsuit and within the statutory deadline, the plaintiff filed charges of unlawful employment discrimination with both the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Human Rights Commission ("FHRC"). A copy of each charge is attached to the complaint (Doc. 2). Provided with a variety of options for her to indicate the basis of her alleged discrimination, the plaintiff selected only "sex." Asked to indicate a range of dates during which the alleged discrimination took place, the plaintiff provided "10-31-2005" as the earliest date of discrimination and "10-31-2005" (the identical date) as the latest date

of discrimination. In the body of the charge (which asks for "particulars"), the plaintiff complained:

> On October 31, 2005, I was terminated from my Construction
> Manager position after a customer (sub-contractor) complained
> that I had been verbally abusive and used profanity toward her.
> Male Construction Managers have committed the same or
> worse infractions and have not been terminated [Bill Teets has
> had physical contact and threatened physical violence towards
> sub-contractors and he is still employed.] I had been employed
> by Respondent since May 22, 2003.
>
> . . . .
>
> I was told by Steve Masci, Area Construction Manager and
> Robert Clouse, Senior Area Manager, that I was being
> terminated because I had used profane and abusive language
> towards a customer who called the main office and complained.
>
> . . . .
>
> I believe I have been discriminated against because of my sex,
> female, in violation of Title VII of the Civil Rights Act of 1964, as
> amended.

(Doc. 2 at 12).

Urging dismissal of the complaint, Westfield Homes argues that the plaintiff's failure to file a timely administrative charge detailing her claims for sexual harassment, retaliation, and unequal pay precludes the plaintiff's asserting such claims in this case (Doc. 8). The claims that the plaintiff may pursue in this case are limited by the presumed scope of the investigation "which can reasonably be expected to grow out of" her administrative charge. Alexander v. Fulton County, Ga., 207 F.3d 1303, 1332 (11th Cir. 2000). Of course, a plaintiff's complaint is permitted to "amplify, clarify, or more

clearly focus" the allegations made by the plaintiff in an earlier administrative charge. Gregory, 355 F.3d at 1279-80.

Disposition of the defendant's motion hinges on whether each claim in the plaintiff's complaint sufficiently "relates to" or "grows out of" the allegations of her administrative charge. The plaintiff's charge to the EEOC and the FCHR focuses exclusively on perceived sexual discrimination against her, on a date certain, for a particular reason, in a particular manner, from a specified source, and with a particular consequence (her termination). The plaintiff's administrative charge altogether fails (by label, by factual allegation, by temporal scope, or otherwise) to identify or even intimate the notions of retaliation or sexual harassment, although these choices conspicuously and conveniently presented themselves for selection on the charge form adjacent to "sex," the only basis of discrimination she selected. Specifically, the plaintiff's administrative charge alleges no fact (for example, a fact evidencing a hostile work environment or a quid pro quo demand from her superior) that creates a suggestion or permits an informed inference of sexual harassment or retaliation. Because the plaintiff's claims for sexual harassment and retaliation reside entirely outside the contemplation of her administrative charge, the plaintiff fails to exhaust the necessary administrative prerequisites of Title VII and the FCRA. See Green v. Elixir Industries, 152 Fed. Appx. 838, 840-41 (11th Cir. 2005).

Westfield Homes's motion to dismiss (Doc. 8) is **GRANTED IN PART**. Counts One (sexual harassment under the FCRA), Two (retaliation under the FCRA), Four

- 4 -

(sexual harassment under Title VII), and Five (retaliation under Title VII) of the complaint (Doc. 2) are **DISMISSED**.  The remaining relief requested by the defendant's motion to dismiss is **DENIED**.  On or before **January 31, 2007**, the plaintiff shall file an amended complaint consistent with this order.

ORDERED in Tampa, Florida, on January 19, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE